# DENNIS COOKISH *v.* COMMISSIONER
# OF CORRECTION
## (SC 20433)

Robinson, C. J., and Palmer, D'Auria, Mullins,
Kahn and Ecker, Js.*

*Syllabus*

The petitioner, who had been convicted, on a guilty plea, of the crime of
   unlawful sexual contact in the first degree, filed a petition for a writ of
   habeas corpus, seeking to have his guilty plea withdrawn or vacated.
   A clerk of the court granted the self-represented petitioner's application

duty under the state and city pursuit policies, we need not consider the
plaintiff's claims that (1) beyond emergency operation in accordance with
§ 14-283, the state traffic statutes impose ministerial obligations, and (2) as
a corollary, nonemergency operation of a motor vehicle is not a discretionary
act. See *Borelli* v. *Renaldi*, supra, 336 Conn. 5 (specifically declining to
"address the question of whether governmental immunity applies to routine
driving of emergency response vehicles by municipal actors"). This is partic-
ularly so given that a genuine issue of material fact exists as to whether
Curry had activated her emergency lights and sirens and engaged in the
emergency operation of her cruiser at the time of the collision. See footnote
4 of this opinion. Because the Statewide Policy, the General Order, and
Maldonado's testimony were sufficient to establish the existence of a minis-
terial duty in this case, we need not consider further this issue concerning
the effect of the state traffic statutes to establish a ministerial duty in this
case. But see *Daley* v. *Kashmanian*, 193 Conn. App. 171, 187–89, 219 A.3d
499 (2019) (concluding that Hartford police officer engaging in surveillance
operations in "soft car" lacking lights and sirens was engaged in discretionary
act and did not have ministerial duty to comply with motor vehicle statutes
but "declin[ing] to hold that, *under all circumstances*, a municipal police
officer operating a motor vehicle is engaged in discretionary conduct,
thereby immunizing the officer and municipality from damages arising from
all violations of motor vehicle statutes" (emphasis in original)), cert. granted,
335 Conn. 939, 237 A.3d 1 (2020).

\* The listing of justices reflects their seniority status on this court as of
the date of oral argument.

337 Conn. 348 JULY, 2021 349

Cookish *v.* Commissioner of Correction

for a waiver of fees but took no action on his request for the appointment of counsel. Subsequently, the habeas court, in connection with its preliminary consideration of the writ under the rules of practice (§ 23-24), dismissed, sua sponte, the petition for lack of subject matter jurisdiction and ordered the petition returned to the petitioner. The court determined that, pursuant to the rules of practice (§ 23-29), it lacked jurisdiction because it was apparent, on the face of the petition, that the petitioner was not in custody for the conviction being challenged. The court denied the petitioner's petition for certification to appeal, and the petitioner appealed, claiming, inter alia, that the habeas court improperly dismissed the petition under § 23-29 without first appointing him counsel and providing him with notice and an opportunity to be heard. *Held*:

1. The habeas court correctly determined that it lacked subject matter jurisdiction because the petitioner was not in custody for the challenged conviction, but it should have declined to issue the writ pursuant to § 23-24 rather than dismissing the petition pursuant to § 23-29, consistent with this court's prior decision in *Gilchrist* v. *Commissioner of Correction* (334 Conn. 548); moreover, the mere administrative granting of the waiver of fees, without more, did not transform the petitioner's patently defective petition into one in which the procedures of § 23-29 applied, and, because the habeas court should have declined to issue the writ, the petitioner was not entitled to appointment of counsel, notice or an opportunity to be heard; furthermore, the petitioner's claim that this court should apply the doctrine of plain error and reverse the judgment of the habeas court was unavailing because the petitioner failed to satisfy his burden of demonstrating that the habeas court's error was obvious.

2. There was no merit to the petitioner's claim that the habeas court improperly failed to construe his petition as a petition for a writ of error coram nobis, the habeas court having lacked jurisdiction to entertain such a petition; even if this court assumed that the habeas court had a duty to construe the habeas petition as a petition for a writ of error coram nobis, the petitioner still could not prevail on his claim, as his habeas petition was filed well beyond the three year limitation period allowed for petitions for a writ of error coram nobis.

Argued April 29—officially released October 20, 2020**

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition

** October 20, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

Cookish *v.* Commissioner of Correction

for certification to appeal, and the petitioner appealed. *Reversed*; *judgment directed.*

*Cheryl A. Juniewic*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, former chief state's attorney, for the appellee (respondent).

*Opinion*

MULLINS, J. The petitioner, Dennis Cookish, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus and from the denial of his petition for certification to appeal.[1] The habeas court, acting sua sponte and without providing the petitioner with notice or a hearing, dismissed the habeas petition pursuant to Practice Book § 23-29[2] for lack of jurisdiction. The habeas court determined that dismissal pursuant to § 23-29 (1) was warranted and that the petition should be returned because it was apparent, on the face of the petition, that the petitioner was not in custody for the conviction being challenged. On appeal, the petitioner asserts that the habeas court improperly (1) dismissed the petition under § 23-29 without first appointing him counsel and providing him with notice and an opportunity to be heard, and (2)

_____

[1] The petitioner appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

Cookish *v.* Commissioner of Correction

failed to construe the habeas petition as a petition for a writ of error coram nobis.

Consistent with this court's recent decision in *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 223 A.3d 368 (2020), we conclude that, although the habeas court correctly determined that it lacked subject matter jurisdiction in the present case because the petitioner was not in custody for the challenged conviction, it should have declined to issue the writ pursuant to Practice Book § 23-24[3] rather than dismissing the case pursuant to Practice Book § 23-29. See id., 563. Accordingly, we conclude that the habeas court abused its discretion in denying the petitioner's petition for certification to appeal. As a result, we reverse the judgment of the habeas court and remand the case to that court with direction to decline to issue the writ.

The following undisputed facts and procedural history are relevant to this appeal. In approximately 1974, the petitioner, with the assistance of counsel, pleaded guilty to unlawful sexual contact in the first degree and was sentenced to one and one-half to six years incarceration. The petitioner's sentence therefore expired, at the latest, in approximately 1980. Then, on November 23, 2018, nearly forty years after his sentence expired, the self-represented petitioner filed a petition for a writ of habeas corpus seeking to have his guilty plea withdrawn or vacated.

The petitioner included with the petition a request for the appointment of counsel and an application for a

---

[3] Practice Book § 23-24 provides: "(a) The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction;

"(2) the petition is wholly frivolous on its face; or

"(3) the relief sought is not available.

"(b) The judicial authority shall notify the petitioner if it declines to issue the writ pursuant to this rule."

Cookish *v.* Commissioner of Correction

waiver of fees. On December 3, 2018, a clerk of the court granted the waiver of fees but took no action on the petitioner's request for appointment of counsel.[4] On December 5, 2018, the habeas court, in connection with its preliminary consideration of the writ, dismissed the petition and ordered the petition returned to the petitioner. The court reasoned that, pursuant to Practice Book § 23-29 (1), it lacked jurisdiction because the petition and the documents attached thereto demonstrated that the petitioner was not in custody for the conviction being challenged. On December 21, 2018, the petitioner filed a petition for certification to appeal from the judgment of the habeas court, which the court denied. This appeal followed.[5]

On appeal, the petitioner claims, inter alia, that the habeas court abused its discretion in denying the peti-

---

[4] A review of the record demonstrates that both the request for the appointment of counsel and the application for waiver of fees are on the same form. At the top of the form is the request for the appointment of counsel. The application for waiver of fees is just beneath the request for counsel. Toward the bottom of that document, immediately beneath the application for waiver of fees, the clerk of the habeas court, not a judge, circled "granted," without further notation. The petitioner asserts that, by virtue of the clerk's signing of that document, the court granted the petitioner's request for the appointment of counsel and the application for waiver of fees on December 3, 2018. We disagree.

Admittedly, the form, which contains both requests and only one place for a court or clerk to sign, is not a model of clarity. Indeed, there is no place for a court or clerk to sign specifically directed to whether counsel will be appointed. The circumstances of this case, however, do not lead us to conclude that the request for appointment of counsel was granted simply because the clerk signed this form. First, the habeas court determined that the petition should be returned. Thus, no habeas action was initiated, and, consequently, no counsel was required to be appointed. Second, as we explain subsequently in this opinion, in *Gilchrist*, the clerk's granting of the fee waiver did not lead us to conclude that the court had also granted the request for appointment of counsel. The same conclusion obtains here. And, finally, a review of the online docketing sheet demonstrates that a clerk of the court granted the application for waiver of fees on December 3, 2018, but does not indicate that the request for appointment of counsel was granted.

[5] See footnote 1 of this opinion.

Cookish *v.* Commissioner of Correction

tion for certification to appeal because it is debatable among jurists of reason whether the habeas court properly dismissed the petition without providing the petitioner with assistance of counsel, notice and an opportunity to be heard. The respondent, the Commissioner of Correction, counters that the habeas court properly denied the petitioner's petition for certification to appeal because it is not debatable that the habeas court lacked jurisdiction to issue the writ.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and the applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citation omitted; internal quotation marks omitted.) *Meletrich* v. *Commissioner of Correction*, 332 Conn. 615, 626, 212 A.3d 678 (2019).

Accordingly, in order to determine whether the habeas court abused its discretion in denying the petitioner's petition for certification to appeal, we must first address the merits of his claim. To that end, we address the petitioner's claim that the habeas court improperly dis-

missed the self-represented petitioner's petition for a writ of habeas corpus without appointing him counsel and without providing him with notice and an opportunity to be heard.

We begin with the standard of review. "Whether a habeas court properly dismissed a petition for a writ of habeas corpus presents a question of law over which our review is plenary. See *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 559, 153 A.3d 1233 (2017) (plenary review of dismissal under Practice Book § 23-29 [2]); *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008) (conclusions reached by habeas court in dismissing habeas petition are matters of law subject to plenary review). Plenary review also is appropriate because this appeal requires us to interpret the rules of practice. See, e.g., *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010)." *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 553.

The petitioner asserts that, because the habeas court dismissed the petition under Practice Book § 23-29, it was obligated to appoint counsel for the petitioner and provide him with notice and an opportunity to be heard. We disagree.

We recently addressed a strikingly similar scenario in *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 548, and we find that the present case is controlled in all material respects by that recent decision. In *Gilchrist*, this court resolved the issue of whether a habeas court can dismiss a petition pursuant to Practice Book § 23-29 before issuing the writ. See id., 553. The petitioner in that case had pleaded guilty to robbery in the third degree in 2013 and received a sentence of unconditional discharge. See id., 551. Thereafter, in 2016, he filed a petition for a writ of habeas corpus, seeking to withdraw his guilty plea and to have his convic-

Cookish *v.* Commissioner of Correction

tion vacated or dismissed. See id., 550. The habeas court granted the petitioner's application for a waiver of fees but took no action as to his request for the appointment of counsel. Id., 551. Shortly thereafter, however, the court, sua sponte and without providing the petitioner with notice or an opportunity to be heard, dismissed the petition pursuant to § 23-29 on the ground that the habeas court lacked jurisdiction because, at the time he filed the petition, the petitioner was not in custody for the conviction that he was challenging. See id., 552.

We noted that there was "understandable confusion" in our courts regarding the proper procedure to be followed in the preliminary stages of review when a petitioner files a habeas petition in the habeas court. Id., 553. We then clarified the appropriate procedure to be followed by explaining: "First, upon receipt of a habeas petition that is submitted under oath and is compliant with the requirements of Practice Book § 23-22 . . . the judicial authority must review the petition to determine if it is patently defective because the court lacks jurisdiction, the petition is wholly frivolous on its face, or the relief sought is unavailable. Practice Book § 23-24 (a). If it is clear that any of those defects are present, then the judicial authority should issue an order declining to issue the writ, and the office of the clerk should return the petition to the petitioner explaining that the judicial authority has declined to issue the writ pursuant to § 23-24.[6] Practice Book § 23-24 (a) and (b). If the judicial authority does not decline to issue the writ, then it must issue the writ, the effect of which will be to require the respondent to enter an appearance in the case and to proceed in accordance with applicable law.

---

[6] We made clear in *Gilchrist* that, "[i]f the [habeas] court declines to issue the writ [pursuant to Practice Book § 23-24], no further action is necessary beyond notifying the petitioner because there is no service of process, no civil action and, accordingly, no need for the appointment of counsel." *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 561.

356 JULY, 2021 337 Conn. 348

Cookish *v.* Commissioner of Correction

At the time the writ is issued, the court should also take action on any request for the appointment of counsel and any application for the waiver of filing fees and costs of service. See Practice Book §§ 23-25 and 23-26. After the writ has issued, all further proceedings should continue in accordance with the procedures set forth in our rules of practice, including Practice Book § 23-29.'' (Citations omitted; footnote added.) *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 562–63.

Ultimately, we reasoned that ''the habeas court dismissed the petition for lack of jurisdiction under Practice Book § 23-29 (1), even though the court did so in its preliminary consideration of the petition under Practice Book § 23-24, prior to the issuance of the writ. For this reason, the habeas court should have declined to issue the writ pursuant to § 23-24 (a) (1) rather than dismissing the case pursuant to § 23-29 (1).'' Id., 563. Accordingly, we reversed the judgment of the Appellate Court, which affirmed the habeas court's judgment of dismissal, and remanded the case to the Appellate Court with direction to remand the case to the habeas court with direction to decline to issue the writ. See id., 550–51, 563.

In the present case, like in *Gilchrist*, the habeas court dismissed the petition for lack of jurisdiction under Practice Book § 23-29 (1), even though the court did so in its preliminary consideration of the petition under Practice Book § 23-24, prior to the issuance of the writ. It did so because the petition was patently defective due to the fact that the petitioner was not in custody for the conviction that he challenged, and, thus, the court lacked jurisdiction. Consequently, as was the case in *Gilchrist*, the habeas court here should have declined to issue the writ pursuant to § 23-24 (a) (1), rather than dismissing the case pursuant to § 23-29 (1).

Nonetheless, the petitioner asserts that the habeas court had granted the waiver of fees and request for

Cookish *v.* Commissioner of Correction

appointment of counsel prior to dismissing the petition and was, therefore, required to appoint counsel and give the petitioner the opportunity for a hearing prior to dismissing the petition. We disagree.

A review of the record reveals that, although the waiver of fees was granted administratively, the habeas court had not acted on the request for appointment of counsel prior to dismissing the petition. See footnote 4 of this opinion. Indeed, the same circumstances existed in *Gilchrist*. The habeas record in that case indicates that a clerk of the court granted the waiver of fees but did not address the appointment of counsel. We nevertheless concluded that, notwithstanding the fact that the habeas court utilized the wrong section of our rules of practice to dismiss the case, namely, Practice Book § 23-29 (1), the writ should have been declined under Practice Book § 23-24 because the petitioner was not in custody for the conviction being challenged. See *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 563. Thus, *Gilchrist* makes clear that the mere administrative granting of the waiver of fees, without more, does not transform a patently defective petition into one in which the procedures of § 23-29 apply.[7] Because the habeas court should have declined to issue the writ, no hearing or appointment of counsel was required.

---

[7] To the extent that the petitioner asserts that, by granting the waiver of fees, the habeas court thereby issued the writ, we disagree. As in *Gilchrist*, the fact that the habeas court granted the waiver of fees does not mean that the trial court could not have declined to issue the writ under Practice Book § 23-24. Additionally, we note that the habeas court's ruling refutes any notion that the writ was issued. Indeed, the habeas court stated, specifically, that "[t]he petition for habeas corpus is dismissed and *is being returned* because the court lacks jurisdiction pursuant to [Practice Book §] 23-29 (1)." (Emphasis added.) Although the court cited the wrong section of our rules of practice, it is clear to us that, by ordering the return of the petition, the court did not issue the writ. Ordering the petition returned is consistent with the court's not accepting the writ.

Cookish *v.* Commissioner of Correction

To the extent that the petitioner claims that the habeas court violated his constitutional rights by failing to appoint counsel prior to dismissing the petition for lack of jurisdiction, we reject that claim. Again, as we explained in *Gilchrist*, ''[i]f the court declines to issue the writ, no further action is necessary beyond notifying the petitioner because there is no service of process, no civil action and, accordingly, no need for the appointment of counsel.'' Id., 561. We explained further that ''it is undisputed that the petitioner is not entitled to the appointment of counsel or notice and an opportunity to be heard in connection with the court's decision to decline to issue the writ . . . .'' Id., 563. Thus, as we did in *Gilchrist*, because we conclude that the habeas court should have declined to issue the writ, we conclude that the petitioner was not entitled to appointment of counsel, notice or an opportunity to be heard.

In the alternative, the petitioner asserts that we should apply the doctrine of plain error and reverse the judgment of the habeas court. That claim is unavailing.

''[An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is *both* so clear *and* so harmful that a failure to reverse the judgment would result in manifest injustice.'' (Emphasis in original; internal quotation marks omitted.) *State* v. *McClain*, 324 Conn. 802, 812, 155 A.3d 209 (2017). ''It is axiomatic that . . . [t]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment . . . for reasons of policy. . . . Put another way, plain error review is reserved for only the most egregious errors. When an error of such a magnitude exists, it necessitates reversal.'' (Citation omitted; internal quotation marks omitted.) Id., 813–14. ''An appellate court addressing a claim of plain

Cookish *v.* Commissioner of Correction

error first must determine if the error is indeed plain in the sense that it is patent [or] readily [discernible] on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . This determination clearly requires a review of the plain error claim presented in light of the record.'' (Internal quotation marks omitted.) *State* v. *Jamison*, 320 Conn. 589, 596, 134 A.3d 560 (2016).

In light of this court's decision in *Gilchrist*, we cannot conclude that the petitioner has met his burden of demonstrating that the error that he alleges the habeas court committed is ''obvious in the sense of not debatable.'' (Internal quotation marks omitted.) Id. To the contrary, as we explained in *Gilchrist*, at the time the habeas court dismissed the petition under Practice Book § 23-29, ''[t]here [was] understandable confusion in our courts regarding the proper procedure to be followed in the preliminary stages of review once a petition for a writ of habeas corpus is filed in the habeas court.'' *Gilchrist* v. *Commissioner of Correction*, supra, 334 Conn. 553. *Gilchrist*, which had not been decided at the time the habeas court issued its decision in the present case, provides the procedural clarification. Therefore, we conclude that the habeas court's error was not obvious. Having determined that the petitioner's claim fails under the first prong of the plain error doctrine, we need not reach the second prong, which examines whether failure to correct the alleged error would result in manifest injustice. See *State* v. *Blaine*, 334 Conn. 298, 313 n.5, 221 A.3d 798 (2019) (declining to reach second prong of plain error doctrine because defendant's claim failed under first prong).

The petitioner also claims that the habeas court improperly failed to construe his petition as a petition for a writ of error coram nobis. In support of his claim, the petitioner asserts that his petition for a writ of habeas corpus should have been construed as a writ

Cookish *v.* Commissioner of Correction

of error coram nobis because it (1) requested that his plea be vacated, (2) presented new facts not previously before the trial court that would demonstrate that his conviction was void or voidable, and (3) alleged that these facts were not known to him at the time of his underlying criminal trial. The respondent disagrees, claiming that the habeas court is without jurisdiction to entertain such a petition because it was not filed within three years of the petitioner's underlying conviction. We agree with the respondent.

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief." (Citation omitted; internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 370, 968 A.2d 367 (2009).

In the present case, it is undisputed that the petitioner filed his petition for a writ of habeas corpus well beyond the three year limitation period allowed for a writ of error coram nobis. The underlying judgment of conviction was rendered by the trial court in approximately 1974. The petitioner, however, did not file the petition until 2018, more than four decades after the judgment of conviction. Therefore, even if we assume that the court had a duty to construe the habeas petition as a petition for a writ of error coram nobis, the petitioner's claim still fails, as the petition was filed well beyond the three year limitation period.

In sum, although the court correctly determined that it lacked jurisdiction, the dismissal of the petition pursuant to Practice Book § 23-29 was error. The habeas court instead should have declined to issue the writ

337 Conn. 348 JULY, 2021 361

Cookish *v.* Commissioner of Correction

pursuant to Practice Book § 23-24. Because the court could have and should have declined to issue the writ pursuant to § 23-24 rather than dismissing the petition under § 23-29, we conclude that the petitioner has demonstrated that the court could have "resolve[d] the [issue in a different manner]" and, therefore, abused its discretion in denying the petitioner's petition for certification to appeal. (Internal quotation marks omitted.) *Meletrich* v. *Commissioner of Correction*, supra, 332 Conn. 626.

The judgment is reversed and the case is remanded with direction to decline to issue the writ of habeas corpus.

In this opinion the other justices concurred.