******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## BENJAMIN BOSQUE *v.* COMMISSIONER
## OF CORRECTION
### (AC 43188)

Cradle, Alexander and Suarez, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of conspiracy to commit robbery in the first degree, burglary in the first degree, sexual assault in the first degree and robbery in the first degree, sought a third petition for a writ of habeas corpus. The respondent Commissioner of Correction filed a request for an order to show cause why the petition should be permitted to proceed. Following an evidentiary hearing, at which the petitioner declined the opportunity to present evidence, the habeas court dismissed the petition as untimely pursuant to the applicable statute (§ 52-470 (d) and (e)), concluding that the petitioner failed to establish good cause for the delay in filing the petition nearly three years after the deadline for filing a subsequent petition challenging his conviction. Thereafter, the habeas court denied the petitioner's petition for certification to appeal, and the petitioner appealed to this court. *Held* that this court declined to review the petitioner's unpreserved claims that the habeas court abused its discretion in denying his petition for certification to appeal because his habeas counsel provided ineffective assistance and he was denied his constitutional right to counsel because the habeas court failed to intervene when counsel did not present any evidence in support of his claim that good cause existed to rebut the presumption of unreasonable delay in the filing of his petition; contrary to the petitioner's contention, the petitioner was not entitled to appellate review of his claims under *State* v. *Golding* (213 Conn. 233) or for plain error, the petitioner having failed to raise them as grounds for appeal in his petition for certification to appeal as required by § 52-470 (g).

Argued March 15—officially released June 29, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*Jennifer F. Miller*, assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, and *Emily Trudeau*, assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, J. The petitioner, Benjamin Bosque, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (d) and (e).[1] The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal because (1) it should have been obvious to the court that his habeas counsel had provided constitutionally ineffective assistance and (2) he was denied his constitutional right to counsel because the court had failed to intervene when his counsel did not present any evidence in support of his claim that good cause existed to rebut the presumption of unreasonable delay in the filing of his petition. We dismiss the appeal.

The following facts and procedural history, as set forth by the habeas court, are relevant to the petitioner's claims on appeal. "The petitioner was convicted of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4), burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and four counts of robbery in the first degree in violation of . . . § 53a-134 (a) (4). After unsuccessfully appealing his conviction . . . the petitioner filed his first habeas . . . petition, which was denied following a trial. . . . The petitioner did take an appeal from [the] habeas court's decision, but . . . the appeal was dismissed on February 20, 2013." (Citations omitted.)

On November 3, 2014, the petitioner filed a second habeas petition, which was subsequently withdrawn on January 29, 2018. On February 26, 2018, the petitioner initiated the underlying action by filing a third habeas petition. "The respondent, [the Commissioner of Correction] filed [a] request for an order to show cause [why the petition should be permitted to proceed] on December 6, 2018, asserting that the petitioner had failed to file the present petition within two years of when the [judgment] on his prior habeas [petition] became final. An evidentiary hearing was held on March 8, 2019. Although present, the petitioner declined the opportunity to present testimony or evidence." (Footnote omitted).

In a memorandum of decision dated May 21, 2019, the court, *Newson, J.*, dismissed the habeas petition as untimely under § 52-470 (d) and (e), concluding that the petitioner failed to establish good cause for the delay in filing the petition beyond the statutory deadline. The court found that the petitioner had until March 12, 2015, to file a subsequent habeas petition challenging his conviction and that the petitioner did not present any evidence explaining why his petition was not filed

until nearly three years after the deadline. The court denied the petition, noting that "[o]nce the rebuttable presumption [that no good cause existed for the delay] arose, the petitioner was obligated to provide *some* evidence of the reason for the delay in filing this petition, which he declined to do." (Emphasis in original.) The court thereafter denied the petition for certification to appeal, and this appeal followed.

Section 52-470 (g) provides in relevant part: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

"As our Supreme Court has explained, one of the goals our legislature intended by enacting this statute was to limit the number of appeals filed in criminal cases and [to] hasten the final conclusion of the criminal justice process . . . . [T]he legislature intended to discourage frivolous habeas appeals." (Internal quotation marks omitted.) *Stephenson* v. *Commissioner of Correction*, 203 Conn. App. 314, 322, 248 A.3d 34, cert. denied, 336 Conn. 944,      A.3d      (2021).

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for [a writ of] habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification [to appeal] constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Haywood* v. *Commissioner of Correction*, 194 Conn. App. 757, 763–64, 222 A.3d 545 (2019),

cert. denied, 335 Conn. 914, 229 A.3d 729 (2020). "In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification [to appeal]." (Internal quotation marks omitted.) *Villafane* v. *Commissioner of Correction*, 190 Conn. App. 566, 573, 211 A.3d 72, cert. denied, 333 Conn. 902, 215 A.3d 160 (2019).

On appeal, the petitioner does not challenge the habeas court's decision on the merits—he does not claim that the court erred in dismissing his habeas petition as untimely. Rather, he claims that the habeas court abused its discretion in denying his petition for certification to appeal because (1) his habeas counsel obviously provided constitutionally ineffective assistance and (2) he was denied his constitutional right to counsel because the court failed to intervene when his counsel did not present any evidence in support of his claim that good cause existed to rebut the presumption of unreasonable delay in the filing of his petition. The respondent argues, inter alia, that, because the petitioner failed to raise these issues as grounds for appeal in his petition for certification to appeal, he is unable to claim on appeal that the court abused its discretion in denying his petition for certification to appeal on these grounds. We agree with the respondent.

It is well established that a petitioner cannot demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of claims that were not raised distinctly before the habeas court at the time that it considered the petition for certification to appeal. See *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216–17, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013), and cases cited therein.

In the present case, the petitioner's petition for certification to appeal stated only the following ground for appeal: "Whether the habeas court erred in finding that there was not good cause to allow the petitioner's petition for [a writ of] habeas corpus to proceed on the grounds that he filed [it] outside the applicable time limits." The petition for certification to appeal did not include grounds related to any claims regarding ineffective assistance of habeas counsel or the habeas court's alleged duty to intervene in the face of the alleged ineffective assistance. In fact, the petitioner concedes that he failed to preserve those claims by stating them in his petition for certification to appeal.

Notwithstanding these failings, the petitioner argues that his failure to list the aforementioned grounds in his petition for certification to appeal, as required by § 52-470 (g), does not preclude this court from reviewing his claims under *State* v. *Golding*, 213 Conn.

233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015), or for plain error. This court previously has addressed and rejected similar requests for extraordinary review, such as *Golding* and plain error review, of claims not raised in petitions for certification to appeal.

With respect to the petitioner's argument that he is entitled to *Golding* review of his claims, this court has stated: "Section 52-470 (g) conscribes our appellate review to the issues presented in the petition for certification to appeal . . . . Permitting a habeas petitioner, in an appeal from a habeas judgment following the denial of a petition for certification to appeal, to seek *Golding* review of a claim that was not raised in, or incorporated into, the petition for certification to appeal would circumvent the requirements of § 52-470 (g) and undermine the goals that the legislature sought to achieve in enacting § 52-470 (g)." (Internal quotation marks omitted.) *Solek* v. *Commissioner of Correction*, 203 Conn. App. 289, 299, 248 A.3d 69, cert. denied, 336 Conn. 935, 248 A.3d 709 (2021); see also *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 418–19, 236 A.3d 276 (noting that review pursuant to *Golding* was not available for claim raised for first time on appeal and not raised in or incorporated into petition for certification to appeal), cert. denied, 335 Conn. 969, 240 A.3d 286 (2020). Accordingly, the petitioner is not entitled to *Golding* review of his claims.

This court likewise has rejected the argument that claims not set forth in a petition for certification to appeal may be reviewed for plain error.[2] See *Villafane* v. *Commissioner of Correction*, supra, 190 Conn. App. 577–78; *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 818 n.2, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017). In declining to afford plain error review to a claim not set forth in a petition for certification to appeal, this court has reasoned that "[t]he [habeas] court could not abuse its discretion in denying the petition for certification about matters that the petitioner never raised." *Mercado* v. *Commissioner of Correction*, 85 Conn. App. 869, 872, 860 A.2d 270 (2004), cert. denied, 273 Conn. 908, 870 A.2d 1079 (2005).

In support of his argument that he is entitled to plain error review, the petitioner relies on this court's opinion in *Foote* v. *Commissioner of Correction*, 151 Conn. App. 559, 96 A.3d 587, cert. denied, 314 Conn. 929, 102 A.3d 709 (2014), and cert. dismissed, 314 Conn. 929, 206 A.3d 764 (2014), in which this court afforded the petitioner plain error review of a claim not listed in his petition for certification to appeal without articulating its reason for doing so. The majority in *Foote* cited, without analysis, to our Supreme Court's decision in *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 526, 911 A.2d 712 (2006).[3] *Foote* v. *Commissioner of Correction*,

supra, 566–67. *Ajadi* involved a claim of plain error that called into question the fairness and impartiality of the entire habeas trial.[4] *Ajadi* v. *Commissioner of Correction*, supra, 525. In *Ajadi*, the petitioner did not become aware of the issue underlying the claim of plain error until after the habeas proceedings had concluded. Id., 522. In other words, because this issue did not come to the attention of the parties, counsel for the parties, or the habeas court until sometime after the petitioner brought the appeal in that case, he could not have included it in his petition for certification to appeal. The petitioner in *Ajadi*, therefore, sought, and was afforded, plain error review of his claim.[5] Id., 525–30.

In the present case, the claim of plain error is based on events that occurred during the petitioner's habeas trial and, therefore, could have been raised in his petition for certification to appeal. The scope of appellate review is restricted to an examination of the court's denial of the petition for certification to appeal. A plain error analysis of claims never raised in connection with a petition for certification to appeal expands the scope of review and undermines the goals that the legislature sought to achieve by enacting § 52-470 (g). If this court were to engage in plain error review, it would invite petitioners, who have been denied certification to appeal, to circumvent the bounds of limited review simply by couching wholly unpreserved claims in terms of plain error.

On the basis of the foregoing, we conclude that, if the petitioner desired appellate review of his claims of ineffective assistance of habeas counsel and/or whether the habeas court had a duty to address counsel's deficient performance to prevent prejudice to the petitioner, he was required to include those issues as grounds for appeal in his petition for certification to appeal. See *Villafane* v. *Commissioner of Correction*, supra, 190 Conn. App. 577–78. Because he failed to do so, we decline to review the petitioner's claims.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 52-470 provides in relevant part: "(a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments in the case, and shall inquire fully into the cause of imprisonment and thereupon dispose of the case as law and justice require. . . .

"(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the

pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection . . . (d) of this section. . . ."

[2] The plain error doctrine, codified in Practice Book § 60-5, "is not . . . a rule of reviewability . . . [but] a rule of reversibility. That is, it is a doctrine that [appellate courts invoke] in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy." *State* v. *Cobb*, 251 Conn. 285, 343 n.34, 743 A.2d 1 (1999), cert. denied, 531 U.S. 841, 121 S. Ct. 106, 148 L. Ed. 2d 64 (2000).

[3] The majority in *Foote* also cited, without analysis, to *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 62 A.3d 629, cert. denied, 310 Conn. 921, 77 A.3d 143 (2013). *Foote* v. *Commissioner of Correction*, supra, 151 Conn. App. 567. In *Melendez*, the court afforded plain error review of the petitioner's unpreserved claim with no discussion as to why it was doing so. *Melendez* v. *Commissioner of Correction*, supra, 841.

[4] In *Ajadi*, the petitioner argued that the habeas judge who presided over his habeas trial and denied his petition for certification to appeal should have disqualified himself based on the judge's prior representation of the petitioner. *Ajadi* v. *Commissioner of Correction*, 280 Conn. 525–29.

[5] The holding in *Ajadi*, in our view, is best limited to the unique facts of that case. Because the majority in *Foote* did not provide a reason for departing from the settled jurisprudence, we likewise limit the holding in *Foote* to its facts.

———————————————