# BENJAMIN BOSQUE *v.* COMMISSIONER
# OF CORRECTION
## (SC 20622)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

*Syllabus*

The petitioner appealed to the Appellate Court from the habeas court's
denial of his petition for certification to appeal from the dismissal of
his petition for a writ of habeas corpus. The Appellate Court dismissed
the petitioner's appeal, concluding that his unpreserved claims, which
he had not included in his petition for certification to appeal, were not
reviewable under either the plain error doctrine or *State* v. *Golding* (213
Conn. 233). On the granting of certification, the petitioner appealed to
this court.

*Held* that the Appellate Court improperly dismissed the petitioner's uncerti-
fied appeal without first considering whether his unpreserved claims
were not frivolous, and, accordingly, this court reversed the Appellate
Court's judgment and remanded the case for further proceedings:

The issue of whether a reviewing court may review unpreserved claims
challenging a habeas court's handling of the habeas proceeding itself
under the plain error doctrine or *Golding*, despite the petitioner's failure
to raise those claims before the habeas court or in his petition for
certification to appeal, was resolved in the companion case of *Banks* v.
*Commissioner of Correction* (347 Conn. 335), in which the court con-
cluded that such claims are reviewable if the appellant can demonstrate
that they are not frivolous, insofar as they involve issues that are debat-

Bosque *v.* Commissioner of Correction

able among jurists of reason, that a court could resolve them in a different manner, or are adequate to deserve encouragement to proceed further. (*Two justices dissenting in one opinion*)

Argued December 22, 2022—officially released July 25, 2023

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to the Appellate Court, *Cradle, Alexander* and *Suarez, Js.*, which dismissed the appeal, and the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*Sarah Hanna*, former senior assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, and *Emily Trudeau*, assistant state's attorney, for the appellee (respondent).

*Opinion*

ECKER, J. This is a certified appeal taken by the petitioner, Benjamin Bosque, challenging the Appellate Court's dismissal of his appeal from the habeas court's denial of his petition for certification to appeal. The petitioner claims that the Appellate Court incorrectly concluded that unpreserved claims not included in the petition for certification are unreviewable under the plain error doctrine or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.3d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).[1] See *Bosque*

---

[1] We granted the petitioner's petition for certification to appeal, limited to the following two issues: (1) "Did the Appellate Court correctly interpret *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 911 A.2d 712 (2006), *Cookish* v. *Commissioner of Correction*, 337 Conn. 348, 253 A.3d 467 (2020), and other decisions of this court in concluding that plain error review of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification

Bosque *v.* Commissioner of Correction

v. *Commissioner of Correction*, 205 Conn. App. 480, 486–89, 257 A.3d 972 (2021).[2] In *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 350–77,　　　A.3d (2023), also released today, we held that unpreserved claims challenging the habeas court's handling of the habeas proceeding itself are reviewable under the plain error doctrine and *Golding*, despite the failure to include those claims in the petition for certification to appeal, if the appellant can demonstrate that the claims are nonfrivolous because they involve issues that "are debatable among jurists of reason; that a court *could* resolve [them in a different manner]; or that [they] are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Because the Appellate Court dismissed the petitioner's uncertified appeal without first considering whether his unpreserved claims are nonfrivolous under the *Simms* criteria, we reverse the judgment of the Appellate Court and remand for consideration of that issue consistent with the principles set forth in *Banks*.

The judgment of the Appellate Court is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion McDONALD and D'AURIA, Js., concurred.

to appeal?" And (2) "[d]id the Appellate Court correctly interpret *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 967 A.2d 41 (2009), *Moye* v. *Commissioner of Correction*, 316 Conn. 779, 114 A.3d 925 (2015), and other decisions of this court in concluding that review under *State* v. *Golding*, [supra, 213 Conn. 233], of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?" *Bosque* v. *Commissioner of Correction*, 338 Conn. 908, 908–909, 258 A.3d 1281 (2021).

[2] The Appellate Court's opinion sets forth a complete recitation of the factual and procedural history of this case. See *Bosque* v. *Commissioner of Correction*, supra, 205 Conn. App. 482–83.

Bosque *v.* Commissioner of Correction

ROBINSON, C. J., with whom MULLINS, J., joins, dissenting. For the reasons stated in my dissenting opinion in *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 361–77,     A.3d     (2023) (*Robinson, C. J.*, dissenting), also released today, I respectfully disagree with the majority's conclusion that General Statutes § 52-470 (g)[1] permits appellate review of unpreserved claims challenging a habeas court's handling of a proceeding under either the plain error doctrine[2] or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015),[3] despite a petitioner's failure to provide the habeas court with notice of the claims, so long as those claims are nonfrivolous under *Simms* v. *Warden*, 230 Conn. 608, 646 A.2d 126 (1994). Specifi-

---

[1] General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] "[The plain error] doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." (Internal quotation marks omitted.) *State* v. *Blaine*, 334 Conn. 298, 305, 221 A.3d 798 (2019).

[3] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40; see *In re Yasiel R.*, supra, 317 Conn. 781 (modifying third prong of *Golding*).

347 Conn. 377　　　　JULY, 2023　　　　381

Bosque *v.* Commissioner of Correction

cally, as I explained in detail in my dissenting opinion in *Banks*, I believe that § 52-470 (g) bars appellate review of unpreserved claims in uncertified appeals under the plain error doctrine and *Golding* when a petitioner fails to raise them before the habeas court prior to or during the certification process. See generally *Banks* v. *Commissioner of Correction*, supra, 361–77 (*Robinson, C. J.*, dissenting). Accordingly, I respectfully dissent.