******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# BENJAMIN BOSQUE *v.* COMMISSIONER OF CORRECTION
## (AC 43188)

Bright, C. J., and Cradle and Suarez, Js.

*Syllabus*

The petitioner appealed to this court following the habeas court's denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to statute (§ 52-470). The petitioner's habeas counsel declined the opportunity to present evidence demonstrating good cause for the untimely filing of the petition at the show cause hearing before the habeas court. On appeal, the petitioner argued, inter alia, that the habeas court failed to intervene when his counsel did not present any evidence to support his claim that good cause existed to rebut the presumption of unreasonable delay in filing his petition. This court dismissed the petitioner's appeal, concluding that his unpreserved claims, which he had not included in his petition for certification to appeal, were not reviewable under either the plain error doctrine or *State* v. *Golding* (213 Conn. 233). On the granting of certification, the petitioner appealed to our Supreme Court, which held that this court improperly dismissed the petitioner's uncertified appeal without first considering whether his unpreserved claims challenging the habeas court's handling of the habeas proceeding itself were reviewable under the plain error doctrine or under *Golding* if the petitioner could demonstrate that the claims were not frivolous under the criteria of *Simms* v. *Warden* (230 Conn. 608), namely, whether they involved issues that are debatable among jurists of reason, that a court could resolve in a different manner or that are adequate to deserve encouragement to proceed further. The Supreme Court reversed this court's judgment and remanded the case to this court. . *Held* that this court concluded that the petitioner's unpreserved claims were frivolous under the *Simms* criteria and, accordingly, dismissed the appeal: the petitioner failed to raise a colorable claim of plain error or a violation of a constitutional right because the record was inadequate to review such claims under the plain error doctrine or *Golding*, and, because this court's conclusion in the companion case of *Banks* v. *Commissioner* (225 Conn. App. 234), was dispositive of this appeal, it would serve no purpose to repeat that discussion and analysis; moreover, for the reasons stated in *Banks*, the habeas court would not have abused its discretion in denying the petition for certification to appeal if the unpreserved issues had been included therein.

Argued January 3—officially released May 7, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court, *Cradle, Alexander* and *Suarez, Js.*, which dismissed the appeal, and the petitioner, on the granting of certification, appealed to the Supreme Court, which reversed this court's judgment and remanded the case to this court for further proceedings. *Appeal dismissed.*

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, *Jennifer F. Miller*, former assistant state's attorney, and *Emily Trudeau*, assistant state's attorney, for the appellee (respondent).

*Opinion*

BRIGHT, C. J. This appeal returns to us on remand from our Supreme Court. See *Bosque* v. *Commissioner of Correction*, 347 Conn. 377, 297 A.3d 981 (2023). The petitioner, Benjamin Bosque, appealed following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (c) and (e). *Bosque* v. *Commissioner of Correction*, 205 Conn. App. 480, 481, 257 A.3d 972 (2021), rev'd, 347 Conn. 377, 297 A.3d 981 (2023). On appeal, the petitioner claimed that "the habeas court abused its discretion in denying his petition for certification to appeal because (1) it should have been obvious to the court that his habeas counsel had provided constitutionally ineffective assistance and (2) he was denied his constitutional right to counsel

because the court had failed to intervene when his counsel did not present any evidence in support of his claim that good cause existed to rebut the presumption of unreasonable delay in the filing of his petition." Id., 481–82. Although the petitioner conceded that he neither preserved his claims before the habeas court nor included them in his petition for certification to appeal, he contended that his unpreserved and uncertified claims were reviewable under the plain error doctrine or pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). *Bosque* v. *Commissioner of Correction*, supra, 205 Conn. App. 486. This court dismissed the appeal, holding that the certification requirement in § 52-470 (g) bars appellate review of unpreserved claims not raised in the petition for certification, whether for plain error or pursuant to *Golding*. Id., 487–89. We concluded "that, if the petitioner desired appellate review of his claims of ineffective assistance of habeas counsel and/or whether the habeas court had a duty to address counsel's deficient performance to prevent prejudice to the petitioner, he was required to include those issues as grounds for appeal in his petition for certification to appeal." Id., 489.

After granting the petitioner's petition for certification to appeal,[1] our Supreme Court reversed this court's

---

[1] Our Supreme Court granted the petition for certification to appeal "limited to the following issues:

"1. Did the Appellate Court correctly interpret . . . decisions of this court in concluding that plain error review of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?

"2. Did the Appellate Court correctly interpret . . . decisions of this court in concluding that review under *State* v. *Golding*, [supra, 213 Conn. 233], of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?" (Citations omitted.) *Bosque* v. *Commissioner of Correction*, 338 Conn. 908–909, 258 A.3d 1281 (2021).

judgment as to the petitioner's "challenges to the habeas court's handling of the habeas proceedings"; *Bosque* v. *Commissioner of Correction*, 338 Conn. 908, 909, 258 A.3d 1281 (2021); on the basis of its decision in *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 297 A.3d 541 (2023), in which the court "held that unpreserved claims challenging the habeas court's handling of the habeas proceeding itself are reviewable under the plain error doctrine and *Golding*, despite the failure to include those claims in the petition for certification to appeal, if the appellant can demonstrate that the claims are nonfrivolous because they involve issues that 'are debatable among jurists of reason; that a court *could* resolve [them in a different manner]; or that [they] are adequate to deserve encouragement to proceed further.' . . . *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994)." (Emphasis in original.) *Bosque* v. *Commissioner of Correction*, supra, 347 Conn. 379.

Accordingly, in the present case, because this court dismissed the petitioner's appeal "without first considering whether his unpreserved claims are nonfrivolous under the *Simms* criteria," our Supreme Court remanded the case to this court to consider "that issue consistent with the principles set forth in *Banks*." Id. For the reasons stated in the companion case also released today; see *Banks* v. *Commissioner of Correction*, 225 Conn. App. 234,     A.3d     (2024); we conclude that the petitioner's unpreserved claims are frivolous under the *Simms* criteria and, therefore, dismiss the appeal.

This court previously set forth the relevant facts and procedural history in *Bosque* v. *Commissioner of Correction*, supra, 205 Conn. App. 482–83. "The petitioner was convicted of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4), burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), sexual assault

in the first degree in violation of General Statutes § 53a-70 (a) (1) and four counts of robbery in the first degree in violation of . . . § 53a-134 (a) (4). After unsuccessfully appealing his conviction . . . the petitioner filed his first habeas . . . petition, which was denied following a trial. . . . The petitioner did take an appeal from [the] habeas court's decision, but . . . the appeal was dismissed on February 20, 2013. . . .

"On November 3, 2014, the petitioner filed a second habeas petition, which was subsequently withdrawn on January 29, 2018. On February 26, 2018, the petitioner initiated the underlying action by filing a third habeas petition. The respondent, [the Commissioner of Correction] filed [a] request for an order to show cause [why the petition should be permitted to proceed] on December 6, 2018, asserting that the petitioner had failed to file the present petition within two years of when the [judgment] on his prior habeas [petition] became final. An evidentiary hearing was held on March 8, 2019. Although present, the petitioner declined the opportunity to present testimony or evidence." (Internal quotation marks omitted.) Id.

The entire transcript of the evidentiary hearing is only two pages. During the hearing, after the respondent's counsel elected to rest on her request for the order to show cause, the petitioner's appointed habeas counsel, Attorney Jonathan M. Shaw, argued: "Your Honor, Mr. Bosque did initially file a habeas [petition] within the time limit required. His previous habeas counsel withdrew from the case. He wished to proceed, but his counsel withdrew. So he was not able to. He wasn't capable of proceeding pro se. In the meantime, he had his brother do some investigating. He hired an attorney, and that was essentially the cause for the delay. He does wish to proceed. He's been actively seeking relief since his conviction became final, and I would ask that

you allow the petition to go forward." The following discussion then occurred:

"The Court: And I—just so the record is clear, do you desire to present any witnesses or evidence?

"[Attorney Shaw]: No, Your Honor.

"[The Respondent's Counsel]: On that, if I may be heard briefly, Your Honor. The case law is very clear that a withdrawal does not count as a judgment for purposes of this statute, and we're looking at a delay of six years, four months, and twenty-four days in this case.

"The Court: So noted.

"[The Respondent's Counsel]: And it is not a first habeas, not even a second habeas.

"The Court: Okay. Anything further?

"[Attorney Shaw]: Nothing further. Nothing further, Your Honor.

"The Court: All right. Again, the court will take the matter under advisement, and I'll issue a written decision in due course. Okay.

"[Attorney Shaw]: Thank you."

"In a memorandum of decision dated May 21, 2019, the court, *Newson, J.*, dismissed the habeas petition as untimely under § 52-470 (d) and (e), concluding that the petitioner failed to establish good cause for the delay in filing the petition beyond the statutory deadline. The court found that the petitioner had until March 12, 2015, to file a subsequent habeas petition challenging his conviction and that the petitioner did not present any evidence explaining why his petition was not filed until nearly three years after the deadline. The court [dismissed] the petition, noting that '[o]nce the rebuttable presumption [that no good cause existed for the

delay] arose, the petitioner was obligated to provide *some* evidence of the reason for the delay in filing this petition, which he declined to do.' . . . The court thereafter denied the petition for certification to appeal . . . ."[2] (Emphasis in original.) *Bosque* v. *Commissioner of Correction*, supra, 205 Conn. App. 483.

On remand, the sole issue for this court to decide is whether the petitioner has demonstrated "that the unpreserved and uncertified claims are nonfrivolous, which [our Supreme Court] define[d] as raising a colorable claim of plain error or the violation of a constitutional right due to the actions or omissions of the habeas court. Only if the appellant succeeds in surmounting that hurdle will the appellate court review the appellant's unpreserved claims on the merits." (Internal quotation marks omitted.) *Banks* v. *Commissioner of Correction*, supra, 225 Conn. App. 241.

In *Banks* v. *Commissioner of Correction*, supra, 225 Conn. App. 234, we rejected claims identical to those that the petitioner raises in the present case. Attorney Shaw also represented the petitioner in *Banks* and, as in the present case, declined the opportunity to present evidence demonstrating good cause for the untimely filing of the petitioner's habeas petition at a show cause hearing before the same habeas court. Both petitioners are represented by the same attorney on appeal, Attorney Deren Manasevit, who filed nearly identical appellate briefs on their behalf, asserting the same unpreserved claims that were not included in their petitions for certification to appeal.

---

[2] The petitioner's "petition for certification to appeal did not include grounds related to any claims regarding ineffective assistance of habeas counsel or the habeas court's alleged duty to intervene in the face of the alleged ineffective assistance." *Bosque* v. *Commissioner of Correction*, supra, 205 Conn. App. 486. Rather, the petitioner "stated only the following ground for appeal: 'Whether the habeas court erred in finding that there was not good cause to allow the petitioner's petition for [a writ of] habeas corpus to proceed on the grounds that he filed [it] outside the applicable time limits.' " Id.

During oral argument on remand before this court, Attorney Manasevit noted that the arguments in both *Banks* and the present case are the same. She contended that "the state, acting through the habeas court . . . had an obligation to appoint counsel. [It] failed to appoint competent counsel, so [it] failed to fulfill a statutory obligation, and I allege that that is a deprivation of due process, and that's the *Golding* claim. Separately, I say the [habeas] court had an obligation to step in when it was viewing this patently ineffective counsel, and it was plain error for the court not to do so. So, they're separate arguments."

In *Banks*, we concluded that the petitioner had failed to raise a colorable claim of plain error or a constitutional violation because the record was inadequate to review the petitioner's unpreserved claim pursuant to *Golding* and the plain error doctrine. *Banks* v. *Commissioner*, supra, 225 Conn. App. 254. Accordingly, we held that "it would not have been an abuse of the habeas court's discretion to deny the petition for certification to appeal if the unpreserved issues had been included therein." Id. Our conclusion in *Banks* is dispositive of this appeal, and it would serve no useful purpose for us to repeat our discussion and analysis here. Consequently, for the reasons stated in that decision, we likewise conclude that the petitioner in the present case has failed to raise a colorable claim of plain error or a violation of a constitutional right. See id. Therefore, the habeas court would not have abused its discretion in denying the petition for certification if the unpreserved issues had been included therein.

The appeal is dismissed.

In this opinion the other judges concurred.