******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# HAROLD T. BANKS, JR. *v.* COMMISSIONER OF CORRECTION
## (AC 43187)

Bright, C. J., and Cradle and Suarez, Js.

*Syllabus*

The petitioner, who had been convicted of robbery in the first degree, sought a writ of habeas corpus more than five years after the date on which his judgment of conviction was deemed to be final. Pursuant to statute (§ 52-470 (c) and (e)), the respondent, the Commissioner of Correction, moved for an order to show cause why the petition should not be dismissed as untimely. At a hearing on the motion, the petitioner's habeas counsel, S, argued that the petitioner's history of mental health issues and his filing of his petition immediately after he received certain medical records supported a finding of good cause for the delay, but S did not present any evidence in support of that argument. The habeas court dismissed the habeas petition, concluding that it was untimely and that the petitioner, in failing to present some evidence supporting the reason for the delay, did not rebut the presumption under § 52-470 (c) that no good cause existed to excuse his late filing. Thereafter, on the denial of his petition for certification, the petitioner appealed to this court, claiming that the habeas court had abused its discretion in denying his petition for certification to appeal because S had rendered ineffective assistance and because the habeas court had failed to fulfill an alleged duty to intervene to protect the petitioner's constitutional and statutory rights. Because those claims were not raised before the habeas court or included in his petition for certification to appeal, the petitioner sought review under the plain error doctrine or, alternatively, under *State* v. *Golding* (213 Conn. 233). This court dismissed the appeal, concluding that the certification requirement in § 52-470 (g) barred appellate review of unpreserved claims in uncertified appeals under both the plain error doctrine and *Golding*. This court reasoned that the habeas court could not have abused its discretion in denying the petition for certification to appeal when the petitioner did not distinctly raise his claims during the habeas proceeding or in his petition for certification to appeal. On the granting of certification, the petitioner appealed to our Supreme Court, which reversed the judgment of dismissal, and remanded the case to this court with direction to consider whether the petitioner had fulfilled his burden of establishing that his unpreserved claims challenging the habeas court's handling of the habeas proceeding itself were not frivolous under the criteria set forth in *Simms* v. *Warden* (230 Conn. 608), namely, whether they involve issues that are debatable among jurists of reason, that a court could resolve in a different manner or that are adequate to deserve encouragement to proceed further. *Held*

that the inadequacy of the record as to the petitioner's allegation that S rendered ineffective assistance was fatal to the petitioner's unpreserved and uncertified claims challenging the habeas court's handling of the habeas proceeding, and, accordingly, the appeal was dismissed: although the failure of S to present evidence during the evidentiary hearing to support the petitioner's claim of good cause could have been the product of ineffective assistance rather than sound strategy, the petitioner's claim necessarily depended on whether such evidence existed and whether that evidence had been made available to counsel, and, in the present case, there was no evidence as to why S failed to present evidence at the hearing and no indication that such evidence existed; moreover, an adequate factual record was necessary for an appellate court to review a claim under the plain error doctrine or *Golding*, and the petitioner could not establish a due process violation based on the constructive denial of his statutory right to habeas counsel without first establishing that S rendered ineffective assistance; furthermore, in the absence of any persuasive or binding authority, this court declined to recognize a new duty for the habeas court to act when counsel's legal strategy was not readily apparent to the habeas court or to evaluate counsel's strategic performance, as the record did not disclose whether S had evidence to present or whether the petitioner had agreed to testify at the hearing; additionally, this court concluded that the habeas court did not commit any error by failing to inquire as to the professional judgment of S when he appeared to make a questionable decision during the evidentiary hearing, and, accordingly, it would not have been an abuse of the habeas court's discretion to deny the petition for certification to appeal if the unpreserved claims had been included therein.

Argued January 3—officially released May 7, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court, *Cradle, Alexander* and *Suarez, Js.*, which dismissed the appeal, and the petitioner, on the granting of certification, appealed to the Supreme Court, which reversed this court's judgment and remanded the case to this court for further proceedings. *Appeal dismissed.*

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, former state's attorney, *Jennifer F. Miller*, former assistant state's attorney, and *Lea Hawley*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BRIGHT, C. J. This appeal returns to us on remand from our Supreme Court. See *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 361, 297 A.3d 541 (2023). The petitioner, Harold T. Banks, Jr., appealed to this court following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (c) and (e). *Banks* v. *Commissioner of Correction*, 205 Conn. App. 337, 338, 256 A.3d 726 (2021), rev'd, 347 Conn. 335, 297 A.3d 541 (2023). On appeal, the petitioner asserted unpreserved claims that were not included in his petition for certification to appeal, contending that his unpreserved claims were reviewable for plain error and pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 342. This court dismissed the petitioner's appeal, holding that the certification requirement in § 52-470 (g) bars appellate review of unpreserved and uncertified claims whether for plain error or pursuant to *Golding*. Id., 343–45.

After granting the petitioner's petition for certification to appeal, our Supreme Court reversed the judgment of this court, holding that "§ 52-470 (g) does not restrict [a reviewing court's] authority to review unpreserved claims under the plain error doctrine or *Golding*

following a habeas court's denial of a petition for certification to appeal, so long as the appellants' claims challenge the habeas court's handling of the habeas proceeding itself and the appellant fulfills his or her burden of establishing that the unpreserved claims" are nonfrivolous under *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 350. Accordingly, our Supreme Court remanded the case to this court with direction to consider "whether the petitioner fulfilled his burden of establishing that his *Golding* and plain error claims challenging the habeas court's handling of the habeas proceeding itself were nonfrivolous under the [*Simms*] criteria." Id., 360–61. Because we conclude that he has not fulfilled his burden, we dismiss the appeal.

Our Supreme Court set forth the following relevant facts and procedural history giving rise to this appeal. "On May 30, 2012, the petitioner was convicted of robbery in the first degree and sentenced to twelve years of incarceration. He did not file an appeal. More than five years later, on December 13, 2017, the self-represented petitioner filed a petition for a writ of habeas corpus challenging his conviction. The respondent, the Commissioner of Correction, filed a motion for an order to show cause why the petition should not be dismissed as untimely under § 52-470 (c), which provides in relevant part that 'there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2017 . . . .' See also General Statutes § 52-470 (e).

"The habeas court conducted an evidentiary hearing on the respondent's motion, at which the petitioner was

represented by Attorney Jonatham M. Shaw. At the evidentiary hearing, Attorney Shaw argued that good cause existed to excuse the petitioner's belated filing because the petitioner had 'a long history of mental health issues . . . .'

"The respondent's attorney objected, stating that '[w]e don't have any evidence of that.' The habeas court responded: 'Understood. I think he's presenting argument. I mean, I'll allow him to do that.' Attorney Shaw did not present any evidence but proceeded to argue that the petitioner 'filed immediately after obtaining [certain medical] records in December of 2017, just a couple months after the deadline, and I believe there is good cause to allow his case to go forward.' The respondent's attorney countered that the petitioner had failed to fulfill his burden of demonstrating good cause for the delay because '[e]very claim that [Attorney Shaw made was] unsubstantiated by any evidence, and the timeframe [spoke] for itself.' " (Footnote omitted.) *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 339–40.

"Attorney Shaw stated that he 'would just leave it to . . . what was stated in [the petitioner's] response to the motion [for an order to show cause].' In that response, Attorney Shaw argued that good cause existed to excuse the petitioner's belated filing because the petitioner previously had filed a timely petition for a writ of habeas corpus, which allegedly was withdrawn on the advice of counsel. According to Attorney Shaw, '[t]he petitioner wished to refile the present action as soon as possible but needed to obtain medical records from various mental health treatment facilities in the state of New York. . . . The petitioner received his requested records on or about December of 2017. . . . Upon receipt of the . . . records, the petitioner immediately refiled his petition for a writ of habeas corpus.'

No evidence was submitted at the hearing in support of these assertions." Id., 339 n.1.

"The habeas court thereafter issued a written memorandum of decision, dismissing the petitioner's petition for a writ of habeas corpus. The habeas court explained that the 'petitioner had until October 1, 2017, to file the present petition; however, it was not filed until December 13, 2017.' Given the statutory rebuttable presumption that no good cause existed to excuse the petitioner's late filing, and the petitioner's failure 'to provide *some* evidence of the reason for the delay,' the habeas court concluded that the petition for a writ of habeas corpus was not timely filed under § 52-470 (c). . . .

"Following the dismissal of his habeas petition, the petitioner filed a petition for certification to appeal, claiming that 'the habeas court erred in finding that there was not good cause to allow [the] petition for [a writ of] habeas corpus to proceed on the grounds that he filed outside of the applicable time limits.' The habeas court denied the petition for certification to appeal." Id., 340. The petitioner appealed to this court, claiming "that the habeas court had abused its discretion in denying his petition for certification to appeal because (1) Attorney Shaw rendered ineffective assistance of counsel, thereby depriving the petitioner of his statutory right to counsel and his constitutional right to due process of law, and (2) the habeas court failed to fulfill an alleged duty to intervene to protect the petitioner's constitutional and statutory rights. The petitioner acknowledged that these claims were not preserved in the habeas court or included in the petition for certification to appeal but argued that appellate review was available under the plain error doctrine and *Golding.*" Id., 341.

This court dismissed the appeal, concluding that "the certification requirement in § 52-470 (g) bars appellate

review of unpreserved claims in uncertified appeals under the plain error doctrine and *Golding*." Id. More specifically, we concluded "that, if the petitioner desired appellate review of his claims of ineffective assistance of habeas counsel and/or whether the habeas court had a duty to address counsel's deficient performance to prevent prejudice to the petitioner, he was required to include those issues as grounds for appeal in his petition for certification to appeal." *Banks* v. *Commissioner of Correction*, supra, 205 Conn. App. 345.

Our Supreme Court granted the petitioner's petition for certification to appeal, limited to whether this court properly concluded that review for plain error, or pursuant to *Golding*, "of challenges to the habeas court's handling of the habeas proceedings is unavailable for" claims not raised in the petition for certification to appeal.[1] *Banks* v. *Commissioner of Correction*, 338 Conn. 907, 908, 258 A.3d 1281 (2021). Although the petitioner also sought certification regarding "[w]hether *Lozada* v. *Warden*, 223 Conn. 834 [613 A.2d 818] (1992), affords the Appellate Court jurisdiction to review on direct appeal a claim of ineffectiveness of habeas counsel independent of any limitation on its jurisdiction imposed by . . . § 52-270 (g)," our Supreme Court did not certify that issue and specifically noted that "[t]he petitioner's ineffective assistance of counsel claims,

---

[1] The Supreme Court granted the petition for certification to appeal, limited to two issues:

"1. Did the Appellate Court correctly interpret . . . decisions of this court in concluding that plain error review of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?

"2. Did the Appellate Court correctly interpret . . . decisions of this court in concluding that review under *State* v. *Golding*, [supra, 213 Conn. 233], of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?" (Citations omitted.) *Banks* v. *Commissioner of Correction*, 338 Conn. 907, 907–908, 258 A.3d 1281 (2021).

*which do not challenge the habeas court's handling of the habeas proceedings*, [were] outside the scope of the certified issues." (Emphasis added.) *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 342 n.2.

As to the certified issues, our Supreme Court held "that unpreserved claims challenging the habeas court's handling of the habeas proceeding are reviewable under the plain error doctrine and *Golding*, despite the petitioner's failure to include such claims in the petition for certification to appeal denied by the habeas court, if the petitioner can demonstrate, consistent with [*Simms*], that the unpreserved claims involve issues that are debatable among jurists of reason, could be resolved in a different manner, or deserve encouragement to proceed further." Id., 359–60. The court further explained that "the appellant must demonstrate that the unpreserved and uncertified claims are nonfrivolous, which [it] define[d] as raising a colorable claim of plain error or the violation of a constitutional right due to the actions or omissions of the habeas court. Only if the appellant succeeds in surmounting that hurdle will the appellate court review the appellant's unpreserved claims on the merits." (Internal quotation marks omitted.) Id., 350–51.

Accordingly, the court remanded the case to this court to consider whether the petitioner could surmount the hurdle of establishing that his unpreserved and uncertified claim "that the habeas court failed to fulfill its alleged duty to intervene to preserve the petitioner's constitutional and statutory rights"; id., 360; raises "a colorable claim of plain error or the violation of a constitutional right due to the actions or omissions of the habeas court." Id., 351.

As a preliminary matter, we set forth our standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can

obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, [supra, 230 Conn. 612]. First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citation omitted; internal quotation marks omitted.) *McClain* v. *Commissioner of Correction*, 188 Conn. App. 70, 74–75, 204 A.3d 82, cert. denied, 331 Conn. 914, 204 A.3d 702 (2019). When, as in the present case, the habeas court never considered the unpreserved issues because they were not included in the petition for certification, "[t]he more accurate inquiry . . . is whether it *would have been* an abuse of discretion to deny the petition for certification to appeal if the unpreserved issue had been included in the petition for certification." (Emphasis in original.) *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 358 n.13.

During oral argument before this court on remand, the petitioner's counsel asserted what she claimed were two distinct arguments challenging the habeas court's

handling of the habeas proceeding. Counsel contended that the petitioner claimed that "the state, acting through the habeas court . . . had an obligation to appoint counsel. [It] failed to appoint competent counsel, so [it] failed to fulfill a statutory obligation, and I allege that that is a deprivation of due process, and that's the *Golding* claim. Separately, I say the [habeas] court had an obligation to step in when it was viewing this patently ineffective counsel, and it was plain error for the court not to do so. So, they're separate arguments." When asked how we are supposed to evaluate the habeas court's appointment of Attorney Shaw for purposes of the petitioner's due process claim, counsel responded that it would be based on Attorney Shaw's performance. Counsel also clarified that the petitioner's due process claim is based on the habeas court's alleged duty to intervene when the court realized that Attorney Shaw was not going to present any evidence at the evidentiary hearing. Accordingly, the petitioner's due process and plain error claims are premised on the court's alleged "duty to intervene when it became apparent that Attorney Shaw had decided not to offer evidence at an evidentiary hearing, guaranteeing a dismissal of the habeas petition before the petitioner had an opportunity to demonstrate good cause for its untimely filing."

Although styled as a challenge to the habeas court's handling of the underlying habeas proceeding, the foundation of each of the petitioner's claims is that Attorney Shaw's "patently ineffective" assistance triggered the habeas court's alleged duty to intervene. Consequently, a review of how and when ineffective assistance of counsel claims typically are addressed by our courts informs our analysis of the petitioner's claims. A claim of ineffective assistance of counsel is "more properly pursued on . . . a petition for a writ of habeas corpus rather than on direct appeal . . . [because] [t]he trial

transcript seldom discloses all of the considerations of strategy that may have induced counsel to follow a particular course of action." (Internal quotation marks omitted.) *State* v. *Taft*, 306 Conn. 749, 768, 51 A.3d 988 (2012). "[A] habeas proceeding provides a superior forum for the review of a claim of ineffective assistance because it provides the opportunity for an evidentiary hearing in which the attorney whose conduct is challenged may testify regarding the reasons [for the challenged actions]. . . . A habeas proceeding thus enables the court to determine whether counsel's [deficiency] was due to mere incompetence or to counsel's trial strategy, which would not be possible in a direct appeal in which there is no possibility of an evidentiary hearing." (Internal quotation marks omitted.) *State* v. *Bellamy*, 323 Conn. 400, 431, 147 A.3d 655 (2016).

"[O]n the rare occasions that [our Supreme Court has] addressed an ineffective assistance of counsel claim on direct appeal, [it has] limited [its] review to allegations that the defendant's sixth amendment rights had been jeopardized by the actions of the *trial court*, rather than by those of his counsel. . . . [The court has] addressed such claims, moreover, only where the record of the trial court's allegedly improper action was adequate for review or the issue presented was a question of law, not one of fact requiring further evidentiary development." (Emphasis in original; internal quotation marks omitted.) *State* v. *Taft*, supra, 306 Conn. 768.

The petitioner recognizes this general rule but insists that this is one of those rare occasions when an ineffective assistance claim can be addressed in a direct appeal because "[t]here is no conceivable tactical or strategic reason for Attorney Shaw's omission that could be considered objectively reasonable. Under these circumstances, a collateral proceeding to explore Attorney

Shaw's reasons for not offering evidence at an evidentiary hearing would be an empty exercise." The respondent, however, argues that it is possible that there simply "was no evidence to present. . . . Certainly, if no additional evidence existed for [Attorney Shaw] to present or if any such evidence would undermine his claim of good cause, the petitioner would necessarily fail to establish deficient performance." In his reply brief, the petitioner responds that the record is adequate to review his ineffective assistance claim because "[t]his court should *presume* that Shaw acted ethically in representing that the evidence he specifically identified in his written submission and during the good cause hearing actually existed. . . . In the absence of evidence to the contrary, our courts will presume counsel fulfills his ethical obligations." (Citation omitted; emphasis added.) We are not persuaded by the petitioner's contention and conclude that the record is inadequate to review whether Shaw rendered ineffective assistance, which is a necessary predicate of the petitioner's due process and plain error claims.[2]

"To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. *Strickland* requires that a petitioner satisfy

---

[2] To be clear, this court previously declined to consider the petitioner's ineffective assistance of counsel claim on the ground that that issue was neither preserved nor included in the petitioner's petition for certification to appeal. During oral argument before this court on remand, counsel for the petitioner conceded that the petitioner's ineffective assistance of counsel claim was foreclosed in light of our Supreme Court's order granting certification limited to the petitioner's *Golding* and plain error claims challenging the habeas court's handling of the underlying habeas proceeding. We agree that any consideration of that claim would fall beyond the scope of our Supreme Court's remand order to this court. Accordingly, we address the reviewability of the petitioner's ineffective assistance of counsel claim only insofar as it relates to the reviewability of his due process and plain error claims challenging the habeas court's handling of the proceedings.

both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may [deny] a petitioner's claim if he fails to meet either prong. . . .

"Our Supreme Court has stated that to establish deficient performance by counsel, a [petitioner] must show that, considering all of the circumstances, counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Crocker* v. *Commissioner of Correction*, 220 Conn. App. 567, 583–84, 300 A.3d 607, cert. denied, 348 Conn. 911, 303 A.3d 10 (2023). "[T]here is a strong presumption in favor of concluding that counsel's performance was competent. . . . In order to overcome that presumption, *the petitioner bears the burden* of proving that counsel's representation fell below an objective standard of reasonableness. . . . [T]he performance inquiry must be whether counsel's assistance was reasonable *considering all the circumstances*. . . . Thus, the question of whether counsel's behavior was objectively unreasonable is not only one on which the petitioner bears the burden of proof; its resolution turns on a fact intensive inquiry." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Eubanks* v. *Commissioner of Correction*, 329 Conn. 584, 603, 188 A.3d 702 (2018).

In the present case, the petitioner asks us to assume, on the basis of a presumption that counsel fulfilled his

ethical obligations, that there was evidence of good cause that Attorney Shaw failed to present at the hearing due to his incompetence. At the same time, he asks us to presume that counsel's assistance was unreasonable, which would be contrary to the presumption of competence. In rejecting a similar argument in *State* v. *Jose V.*, 157 Conn. App. 393, 405–406, 116 A.3d 833, cert. denied, 317 Conn. 916, 117 A.3d 854 (2015), this court explained that, "[a]lthough the record may reflect the actions of defense counsel during the [underlying] proceeding, we do not know all of the reasons for those actions. . . . All of the relevant circumstances are not known. Our role . . . is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. Without a hearing in which the reasons for counsel's decision may be elicited, any decision of ours . . . would be entirely speculative." (Internal quotation marks omitted.)

The same reasoning applies in the present case because, although Attorney Shaw's failure to present evidence during an evidentiary hearing to support the petitioner's claim of good cause certainly could be the product of ineffective assistance rather than sound strategy, whether that is true necessarily depends on whether such evidence existed and had been made available to counsel. Not only is there no evidence as to why Attorney Shaw failed to present evidence at the hearing, there is no indication in the record that such evidence existed. See *Crocker* v. *Commissioner of Correction*, supra, 220 Conn. App. 585 ("because [t]he law presumes that counsel is competent until evidence has been introduced to the contrary . . . a petitioner who fails to call the attorney in question to testify at the habeas trial may face considerable difficulty in overcoming the presumption of competence" (citation omitted; internal quotation marks omitted)). The petitioner recognizes the significance of that evidence because,

despite arguing that no further development of the record is required, he correctly notes that "the evidence that should have been offered to rebut the presumption of untimeliness in this case will be offered to prove [that] the petitioner suffered prejudice from [Attorney Shaw's] failure to offer that evidence." Simply put, because all the relevant circumstances are not readily apparent from the record, an evidentiary hearing is necessary to address the petitioner's ineffective assistance of habeas counsel claim.[3] See, e.g., *State* v. *Campbell*, 328 Conn. 444, 468 n.7, 180 A.3d 882 (2018) ("[t]he defendant's ineffective assistance claim is precisely the type of collateral attack that is best resolved in a habeas action, where the defendant will have the opportunity to present evidence in support of his claim that his counsel's performance was deficient and that he was prejudiced by that deficient performance").

The inadequacy of the record for review of the petitioner's allegation that Attorney Shaw rendered ineffective assistance is fatal to the petitioner's unpreserved claims challenging the habeas court's handling of the habeas proceeding. "In *Golding*, our Supreme Court held that a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis,

---

[3] Although the petitioner claims that a new habeas petition alleging ineffective assistance of habeas counsel is unnecessary, he does not claim that that remedy is unavailable to him. See *Crocker* v. *Commissioner of Correction*, supra, 220 Conn. App. 585 ("habeas corpus is an appropriate remedy for the ineffective assistance of appointed habeas counsel, authorizing . . . a second petition for a writ of habeas corpus . . . challenging the performance of counsel in litigating an initial petition for a writ of habeas corpus" (internal quotation marks omitted)).

the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances. . . .

"With respect to the reviewability prong of *Golding*, our Supreme Court stated that [t]he defendant bears the responsibility for providing a record that is adequate for review of his claim of constitutional error. If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim. . . . Subsequently, this court stated that [i]t is axiomatic that this court will not resort to speculation and conjecture in avoidance of an inadequate record." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Ayuso* v. *Commissioner of Correction*, 215 Conn. App. 322, 373–74, 282 A.3d 983, cert. denied, 345 Conn. 967, 285 A.3d 736 (2022).

Under the plain error doctrine, an appellant must demonstrate "that the claimed error is *both* so clear *and* so harmful that a failure to reverse the judgment would result in manifest injustice. . . . It is axiomatic that . . . [t]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that [an appellate] court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment . . . for reasons of policy. . . . Put another way, plain error review is reserved for only the most egregious errors. When an error of such a magnitude exists, it necessitates reversal. . . . An appellate court

addressing a claim of plain error first must determine if the error is indeed plain in the sense that it is patent [or] readily [discernible] on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . This determination clearly requires a review of the plain error claim presented in light of the record." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Cookish* v. *Commissioner of Correction*, 337 Conn. 348, 358–59, 253 A.3d 467 (2020).

Thus, an adequate factual record is necessary for an appellate court to review a claim under *Golding* or to consider it under the plain error doctrine. See *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 69 n.3, 967 A.2d 41 (2009) ("[b]ecause the record is inadequate for review under *Golding* it is also inadequate for consideration under the plain error doctrine"); see also *State* v. *Cane*, 193 Conn. App. 95, 120 n.23, 218 A.3d 1073 (same), cert. denied, 334 Conn. 901, 219 A.3d 798 (2019).

In the present case, the petitioner cannot establish a due process violation based on the constructive denial of his statutory right to habeas counsel without first establishing that Attorney Shaw rendered ineffective assistance.[4] In other words, because the record is inadequate to review the petitioner's ineffective assistance

---

[4] Because we conclude that the record is inadequate to review the petitioner's unpreserved due process claim, we simply note that the petitioner failed to brief the due process issue properly. The petitioner's cursory analysis in his principal appellate brief fails to identify, let alone apply "the traditional three part balancing test set forth in *Mathews* v. *Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), to determine what safeguards the federal constitution requires to satisfy procedural due process." (Internal quotation marks omitted.) *Turn of River Fire Dept., Inc.* v. *Stamford*, 159 Conn. App. 708, 712 n.2, 123 A.3d 909 (2015); see also *In re Jonathan M.*, 255 Conn. 208, 234, 764 A.2d 739 (2001) (applying *Mathews* factors and concluding "that the risk of error and the procedural alternatives that exist weigh against extending the writ of habeas corpus to permit a parent, whose parental rights have been terminated in a prior proceeding, to assert a claim of ineffective assistance of counsel").

of habeas counsel claim, the record also is inadequate to review his due process claim under *Golding*'s first prong. "[I]n the absence of a sufficient record, there is no way to know whether a violation of constitutional magnitude in fact has occurred. Thus . . . we will not address an unpreserved constitutional claim [i]f the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred." (Internal quotation marks omitted.) *State* v. *Canales*, 281 Conn. 572, 581, 916 A.2d 767 (2007).

The petitioner's plain error claims also are premised on the alleged ineffectiveness of Attorney Shaw. Specifically, the petitioner contends that he "identified two errors he alleges constitute plain error; first, the deprivation of due process arising from the constructive denial of habeas counsel in violation of General Statutes § 51-296, and, second, the habeas court's breach of its duty to protect the petitioner's rights by ensuring that the proceedings before it were conducted in conformity with statutory and constitutional requirements. . . . The errors are readily discernible on the face of the record. When Attorney Shaw announced he would rely on the written response to the motion to show cause, the habeas court pointedly asked, '[y]ou're asking the court to just rely on the papers in this matter?' The habeas court obviously understood what Shaw apparently did not—that in the absence of evidence, Shaw might as well have said nothing at all. No further development of the record is necessary."

Again, as we concluded regarding the alleged due process violation, the alleged ineffective assistance of counsel triggering the habeas court's duty to act is not, as the petitioner maintains, readily apparent on the face of the record. As previously noted in this opinion, the record does not disclose whether Attorney Shaw had evidence to present or whether the petitioner had

agreed to testify at the hearing. The petitioner neverthe-less argues that this court should notice plain error attributable to the habeas court because "the court could have asked whether counsel had particular evi-dence he wanted to introduce to support his argument, or whether he perhaps wished to put the petitioner on the stand, or could even have questioned the petitioner himself. The court could have taken a recess and ques-tioned counsel in chambers, and continued the hearing to allow Shaw to produce the evidence he should have been prepared to produce all alon[g]. . . . Any of those small steps might have been sufficient to avert the gratu-itous loss of the petitioner's rights." Put differently, the petitioner requests that we recognize a new duty for the habeas court to step in whenever it appears that counsel has no strategic reason for failing to pursue a certain course of action. In the absence of any persua-sive, let alone binding, authority to support the petition-er's contention, we decline to do so.

First, we are not persuaded by the petitioner's reli-ance on cases that have found that a trial court has a duty to intervene in a criminal case in certain circum-stances. In particular, the petitioner, in citing cases from the United States Supreme Court, argues that a trial court has a duty to act, sua sponte, "to ensure the integrity and fairness of the proceedings over which it presides." See *Boyde* v. *California*, 494 U.S. 370, 384, 110 S. Ct. 1190, 108 L. Ed. 2d 316 (1990) ("[a]rguments of counsel which misstate the law are subject to objec-tion and to correction by the court"); *Viereck* v. *United States*, 318 U.S. 236, 248, 63 S. Ct. 561, 87 L. Ed. 734 (1943) (holding that trial court "should have stopped [the prosecutor's prejudicial and improper] discourse without waiting for an objection"). The petitioner also argues that a trial court has a duty to act, sua sponte, "to inquire into possible conflicts of interests of which it is, or should be, aware"; see *Cuyler v. Sullivan*, 446

U.S. 335, 346, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980) (noting that when "the trial court knows or reasonably should know that a particular conflict exists," it must initiate inquiry as to conflict of interest); and "to prevent the trial of an incompetent defendant." See *Drope* v. *Missouri*, 420 U.S. 162, 181, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975) ("trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial").

Making a qualitative judgment as to counsel's performance during the proceeding in which the alleged ineffective assistance is occurring is fundamentally different than correcting misstatements of the law, curtailing prosecutorial impropriety, and inquiring into an apparent conflict of interest or mental incapacity, because evaluating counsel's performance would require that the court inquire as to counsel's strategy for the matter that is still proceeding before the court. The problem with that line of inquiry is that "the trial court risks interfering with the defendant's right to counsel and the attorney-client relationship if the court asks counsel, *during trial*, for a full explanation of his strategy." (Emphasis added.) *State* v. *Castro*, 200 Conn. App. 450, 462 n.10, 238 A.3d 813, cert. denied, 335 Conn. 983, 242 A.3d 105 (2020). Indeed, that is why, "in circumstances in which defense counsel's [conduct] . . . constitutes a violation of the defendant's right to the effective assistance of counsel, the defendant may seek recourse through habeas corpus proceedings." (Internal quotation marks omitted.) Id., 461. Accordingly, the recognized duties of courts to intervene in proceedings referenced by the petitioner are not analogous to the duty that he seeks to impose on criminal and habeas court judges, and which duty he claims the habeas court breached in the present case.

Second, given that "[o]ur Supreme Court has repeatedly and expressly rejected the proposition that a trial court is required to assess defense counsel's professional judgment before accepting his or her waiver of a constitutional claim"; id., 460; and considering that the petitioner has failed to cite a single decision in which a reviewing court has held that a trial court has a duty to evaluate appointed counsel's strategic performance, we cannot conclude that the habeas court committed any error, let alone an error so obvious that it is not debatable, by failing to inquire as to Attorney Shaw's professional judgment when he appeared to make a questionable decision during the evidentiary hearing. See *State* v. *Campbell*, supra, 328 Conn. 469 n.7 ("[T]he defendant's argument simply recasts an ineffective assistance of counsel claim in an attempt to secure review of unpreserved claims. Just as with any other collateral attacks that are based on ineffective assistance of counsel claims, the defendant's remedy for his claim that his counsel were ineffective for failing to preserve claims on appeal is to file a petition for a writ of habeas corpus.").

In sum, because the record is inadequate to review the petitioner's unpreserved and uncertified claim, either for plain error or pursuant to *Golding*, we conclude that it does not "involve issues that are debatable among jurists of reason, could be resolved in a different manner, or deserve encouragement to proceed further." *Banks* v. *Commissioner of Correction*, supra, 347 Conn. 360. Accordingly, it would not have been an abuse of the habeas court's discretion to deny the petition for certification to appeal if the unpreserved issues had been included therein. See id., 358 n.13.

The appeal is dismissed.

In this opinion the other judges concurred.